IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL GEORGESON,                                                    OPINION AND
                                                                      ORDER
                Plaintiff,
                                                                      09-cv-661-bbc
      v.

SAUK COUNTY DEPARTMENT OF HUMAN SERVICES
and DEAN HEALTH INSURANCE,

                Involuntary Plaintiffs,

      v.

TRAVIS SCHADLER, BLACK & DECKER, INC.
and WOODCRAFT SUPPLY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In September 2009, plaintiff Michael Georgeson filed this action in the Circuit Court for Dane County, Wisconsin, asserting strict liability and negligence claims against defendants Black & Decker, Inc. and Woodcraft Supply for injuries plaintiff suffered while using a table saw manufactured and sold by defendants. On October 30, 2009, defendants removed the case to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(a). On December 23, 2009, plaintiff filed a second amended complaint, dkt. #13,

1

adding defendant Travis Schadler, a resident of Wisconsin, to the action. Because plaintiff and defendant Schadler are both residents of Wisconsin, the parties are no longer diverse and plaintiff has moved to remand the case to state court pursuant to 28 U.S.C. § 1447(e). In response, defendant Black & Decker, Inc. contends that defendant Schadler was joined fraudulently to defeat diversity and that other considerations militate against remand. Defendant Woodcraft Supply has filed a cross-claim against defendant Schadler and has not opposed plaintiff's motion to remand.

I am persuaded that joinder of defendant Schadler is proper because his presence in the case will insure that all of plaintiff's negligence claims, as well as defendant Woodcraft Supply's cross-claims, are resolved in a single dispute. The interests of judicial efficiency outweighs defendants' desire to have this case tried in a federal court. Because complete diversity does not exist, this court lacks subject matter jurisdiction, making it necessary to remand the case. 28 U.S.C. § 1447(c).

Also before the court is plaintiff's motion for relief from the scheduling order in this case, dkt. #33. Because I am remanding this case to state court, this motion will be denied as moot.

Solely for the purpose of deciding this motion to remand, I draw the following facts from the complaint and the documents submitted by the parties in connection with this motion.

2

FACTS

Plaintiff Michael Georgeson is a resident of Wisconsin. On October 4, 2007, plaintiff was injured while operating a table saw under the direction of defendant Travis Schadler, who owned the table saw. The table saw did not have a guard covering the blade. Defendant Schadler is a resident of Wisconsin and the accident occurred at his home. Plaintiff was not an employee of defendant Schadler at the time of the accident.

Defendant Black & Decker, Inc. is a Maryland corporation with its principal place of business in Towson, Maryland. Black & Decker, Inc. manufactured the table saw involved in the October 4 incident. Defendant Woodcraft Supply is a Delaware corporation with its principal place of business in West Virginia. Woodcraft Supply is in the business of selling saws. The table saw that is the subject of this lawsuit was purchased from Woodcraft Supply's Madison, Wisconsin store.

Involuntary plaintiff Sauk County Department of Human Services is a municipal entity with a primary business address in Baraboo, Wisconsin. Involuntary plaintiff Dean Health Insurance, Inc. is a Wisconsin corporation with its principal place of business in Madison, Wisconsin.

Plaintiff commenced this suit in the Circuit Court for Dane County, Wisconsin, asserting negligence and strict liability claims against defendants Black & Decker, Inc. and Woodcraft Supply. On October 30, 2009, defendants removed the case to this court,

asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(1). On December 23, 2009, plaintiff filed a second amended complaint, adding defendant Travis Schadler to the suit. Also on December 23, 2009, plaintiff filed a motion for remand under 28 U.S.C. § 1447(e). On January 12, 2010, defendant Woodcraft Supply filed cross-claims against defendants Black & Decker, Inc. and Schadler.

OPINION

When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, the defendant may remove the action to federal court. 28 U.S.C. § 1441(a). The party seeking removal has the burden of establishing federal jurisdiction and the court should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993). This case does not involve any issues of federal law. Therefore, federal jurisdiction exists only if the parties are completely diverse. Defendants Black & Decker, Inc. and Woodcraft Supply, removed the case to federal court, properly invoking the court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because plaintiff is a Wisconsin citizen and defendants are citizens of West Virginia and Maryland.

However, after removal occurred, plaintiff joined defendant Travis Schadler, destroying complete diversity. Plaintiff alleges that he decided to join defendant Schadler

4

after defendants Black & Decker, Inc. and Woodcraft Supply asserted affirmative defenses in their answers contending that plaintiff's injuries were "caused by the acts and omissions of other individuals . . . who have not been named in this lawsuit." Plaintiff alleges that defendants' defenses caused plaintiff to consider other individuals who may be responsible for his injury, including Schadler.

When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court. Shur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 758 (7th Cir. 2009); Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1486 (7th Cir.1996). These are the only options; the district court may not permit joinder of a nondiverse defendant and retain jurisdiction. Shur, 577 F.3d at 758. A district court has discretion to permit or deny post-removal joinder of a nondiverse party and should should balance the equities to make the determination. Id.

The Court of Appeals for the Seventh Circuit applies four factors for determining whether post-removal joinder of a nondiverse party is appropriate: (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. Id. If joinder of defendant Schadler is proper, this matter must be remanded for lack of subject matter

5

jurisdiction. 28 U.S.C. § 1447(c).

Defendant Black & Decker's main argument in opposition to joinder falls under the first factor of the post-removal joinder analysis. In particular, Black & Decker argues that plaintiff had an improper motive for the joinder, which was to destroy diversity jurisdiction. Under the fraudulent joinder doctrine, a plaintiff "may not join a nondiverse defendant simply to destroy diversity jurisdiction" and prevent a defendant from removing a case to federal court. Schwartz v. State Farm Mutual Auto. Insurance Co., 174 F.3d 875, 878 (7th Cir. 1999); Gottlieb v. Westin Hotel Co., 990 F.2d 323, 327 (7th Cir. 1993). However, the fraudulent joinder doctrine applies differently in post-removal situations. Shur, 577 F.3d at 764. In the post-removal context, "the fraudulent joinder doctrine is not dispositive of whether joinder is improper"; it is simply one relevant factor for determining whether to permit joinder under § 1447(e). Id.

Defendant Black & Decker faces a "heavy burden" to demonstrate fraud. Id. It must demonstrate that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." Id. (citing Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992)); see also Gottlieb, 990 F.2d at 327. Framed a different way, the court must ask whether there is "any reasonable possibility" that plaintiff could prevail against defendant Schadler. Poulos, 959 F.2d at 73. In conducting this analysis, I must turn to Wisconsin law to determine whether plaintiff has any reasonable

possibility of success in his negligence claim against defendant Schadler.

Proving negligence under Wisconsin law requires a plaintiff to show (1) a duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury.  <u>Behrendt v. Gulf Underwriters Insurance Co.</u>, 2009 WI 71, ¶ 14, 318 Wis. 2d 622, 633, 768 N.W.2d 568, 573 (citing <u>Rockweit by Donohue v. Senecal</u>, 197 Wis. 2d 409, 418, 541 N.W.2d 742, 748 (1995)).  With respect to the existence of a duty of care, Wisconsin follows the view that "everyone owes to the world at large the duty of refraining from those acts that may unreasonably threaten the safety of others."  <u>Behrendt</u>, 2009 WI 71, ¶ 17 (quoting <u>Palsgraf v. Long Island Railroad Co.</u>, 248 N.Y. 339, 350, 162 N.E. 99, 103 (N.Y. 1928) (Andrews, J., dissenting)).  The state supreme court has explained that "what is within the duty of ordinary care depends on the circumstances under which the claimed duty arises.  For example, what is comprised within ordinary care may depend on the relationship between the parties or on whether the alleged tortfeasor assumed a special role in regard to the injured party."  <u>Hoida, Inc. v. M & I Midstate Bank</u>, 2006 WI 69, ¶ 32, 291 Wis. 2d 283, 307, 717 N.W.2d 17, 29.  A person breaches his or her duty of care by failing to exercise the care a reasonable person would use in similar circumstances.  <u>Behrendt</u>, 2009 WI 71, ¶ 43.

In this case, plaintiff alleges that defendant Schadler owned the table saw that caused plaintiff's injuries.  Plaintiff used the table saw at Schadler's home and under Schadler's

7

supervision. The table saw was not protected with the guards that are typically present on such a table saw. If plaintiff proves his allegations, a reasonable jury could conclude that as the owner of the table saw, Schadler owed a duty of care to any person who used the saw with his consent and at his direction and that Schadler breached the duty by failing to insure that all proper guards were in place and functioning. A jury could conclude that Schadler's negligence caused plaintiff's injuries. Therefore, under the facts and Wisconsin law, I cannot conclude that plaintiff has "no reasonable possibility" of success on his negligence claim against defendant Schadler. Accordingly, I cannot say that plaintiff's sole motivation for joining him is to defeat diversity jurisdiction. The fraudulent joinder doctrine does not apply.

In addition to the fraudulent joinder doctrine and plaintiff's motive for joining defendant Schadler, three other factors should be considered in determining whether post-removal joinder of a nondiverse party is appropriate: the timeliness of the request to amend, whether the plaintiff will be significantly injured if joinder is not allowed and any other relevant equitable considerations. As for the timeliness of plaintiff's amended complaint, this case is still at its early stages and plaintiff amended his complaint before the deadline for amendments to pleadings set out in the pretrial conference order, dkt. #12.

The joinder of defendant Schadler will not unduly prejudice defendants. None of the parties will suffer great hardship if the complaint is amended to include all potentially liable

parties and all related claims. Although the new allegations will require remand to the Circuit Court for Dane County, that is not undue prejudice. The underlying dispute in this case is based entirely on Wisconsin tort law and Black & Decker has suggested no reason why a state court is not equally competent to resolve this action, if not more so. Finally, considerations of judicial economy and consistent verdicts warrant allowing plaintiff to amend its complaint to include defendant Schadler. If joinder is denied, plaintiff would be required to file a second action in state court. Two different courts would be evaluating the same set of facts in two separate lawsuits. Such a duplication of efforts is wasteful and could lead to contradictory results.

Because I find plaintiff's joinder of defendant Schadler to be proper, the parties of this case are no longer completely diverse. Therefore, I will grant plaintiff's motion to remand for lack of jurisdiction. 28 U.S.C. § 1447(c).

ORDER

IT IS ORDERED that

1. Plaintiff Michael Georgeson's motion for stay and relief from the scheduling order, dkt. #33, is DENIED as moot.

2. Plaintiff's motion for remand, dkt. #14, is GRANTED and this case is REMANDED to the Circuit Court for Dane County for lack of subject matter jurisdiction.

The clerk of court is directed to transmit the file to the Circuit Court for Dane County.

Entered this 26th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge